# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER OWENS,**
**#M38210,**

   **Plaintiff,**

          **Case No. 17–cv–817–DRH**

**vs.**

**MICHAEL BEDNARZ,**

   **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Owens, an inmate in Centralia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. In his Complaint, Plaintiff claims Defendant Bednarz has been deliberately indifferent to his serious mental health issues in violation of the Fourteenth and Eighth Amendments, as well as Illinois state law. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is

immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on March 26, 2016, Plaintiff spoke with Defendant Bednarz about his depression and overall mental health. (Doc. 1, p. 4). That day, while speaking with Bednarz, Plaintiff agreed to take Paxil for his depression and mental health issues. *Id.* Plaintiff began going to the medication line and taking the medication he received shortly thereafter. *Id.* Over the next several weeks, Plaintiff's "depression started worsening due to the medication." *Id.* Plaintiff's "mood and level of agitation started to become extremely unpredictable because of the new medication." *Id.*

Plaintiff began to have "uncontrollable thoughts of violently lashing out and severe thoughts of suicide, worsening depression, and hopelessness." *Id.*

The week of May 13, 2016, Plaintiff sent a request slip to mental health to speak with someone about his declining mental health and the issues he was having as a result of his new medication. *Id.* At this point, Plaintiff was also experiencing muscle stiffness and "complications in [his] thought process including confusion." (Doc. 1, p. 5). Plaintiff's abdomen and chest also "felt as if they were stuffed full of fuzz which caused this Plaintiff difficulty breathing." *Id.* Plaintiff believes these symptoms were a result of the new medication he was taking. *Id.*

Plaintiff spoke with a Mental Health Professional ("MHP") and informed him of the issues he was experiencing as a result of the medication. *Id.* Plaintiff also "informed a nurse at medline that something was wrong with [his] medication." *Id.* On May 20, 2016, Plaintiff filed an emergency grievance with the help of another inmate. *Id.* On May 21, 2016, Plaintiff spoke with Defendant Bednarz. *Id.* He informed Bednarz "of the complications [he] was having with [his] thought process." *Id.* Before Plaintiff was able to fully explain his difficulties, Bednarz told Plaintiff that "he noticed in [his] medical file that [he] was not being given the medication that [he] had consented to take and that [he] was being given a medication that [he] had not consented to take." (Doc. 1, pp. 5-6). Bednarz told Plaintiff that he was being given Prozac by mistake. (Doc. 1, p. 6).

Bednarz had written Plaintiff a prescription for Prozac on March 26, 2016

without giving Plaintiff the information necessary for him to give informed consent to taking it and without him having consented to take it at all. *Id.* Plaintiff then explained to Bednarz that he was experiencing adverse side effects, including worsening depression, suicidal thoughts, confusion, and difficulty breathing. *Id.* Bednarz then informed Plaintiff that he was going to increase Plaintiff's Prozac dosage, despite Plaintiff telling him that it was causing him harm which included suicidal thoughts. (Doc. 1, p. 7). Bednarz then increased Plaintiff's dosage of Prozac, even after he acknowledged that Plaintiff never consented to take it in the first place. *Id.* Plaintiff discontinued taking the medication after speaking with Bednarz. *Id.*

Within a day or two of quitting the medication, Plaintiff began having new complications, including abnormal dreams, violent nightmares, and thrashing in his sleep. (Doc. 1, p. 8). Plaintiff began experiencing increased anxiety and insomnia and did not get much sleep for at least two weeks. *Id.* Plaintiff also "began experiencing uncontrollable body movements, mostly [his] arms jerking and [having spasms] but also in [his] legs." *Id.* During the week of May 23, 2016, Plaintiff requested a crisis team because of the withdrawal symptoms he was experiencing. *Id.* Plaintiff was referred to Bednarz. (Doc. 1, p. 9).

Plaintiff informed Bednarz of the side effects he was experiencing. *Id.* When he was a teenager, Plaintiff took Prozac and it caused him to experience many of the same side effects he experienced after taking it again in 2016. *Id.* Plaintiff was also committed to a psych ward because of the adverse side effects of

the Prozac he took when he was a teenager, including severe agitation, aggression, suicidal thoughts, and more. *Id.* Because of this experience, Plaintiff "would never have consented or agreed to take Prozac." *Id.* In fact, "[i]n IDOC on a previous occasion, [Plaintiff] had informed another psychiatrist that [he] would not consent to Prozac because of the side effects [he] had experienced in [his] past." (Doc. 1, pp. 9-10). It is also in Plaintiff's mental health record that he reported taking Prozac in the past. (Doc. 1, p. 10).

Plaintiff requests declaratory and monetary relief. (Doc. 1, pp. 12-13).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendant violated the Fourteenth Amendment when he failed to provide Plaintiff with information about Prozac before prescribing it to him in place of a different medication Plaintiff had consented to.

> **Count 2 –** Defendant showed deliberate indifference to Plaintiff's serious medical needs involving his mental health issues and the medication he took therefor by attempting to increase his dose of a medication that caused him negative side effects, in violation of the Eighth Amendment.

> **Count 3 –** Defendant committed medical malpractice by failing to adequately treat Plaintiff's mental health issues.

As discussed in more detail below, Count 1 will be allowed to proceed past

threshold.  Counts 2 and 3 will be dismissed without prejudice.  Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

### Count 1 – Due Process

To support a due process claim, a plaintiff must first identify a constitutionally cognizable liberty or property interest.  *See Washington v. Glucksberg*, 521 U.S. 702, 720–22 (1997).  The United States Supreme Court has recognized that there is a general liberty interest in refusing medical treatment.[1] *See Cruzan by Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278–79 (1990).  *See also Washington v. Harper*, 494 U.S. 210, 221–22 (1990) (prisoners possess significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment). Several Circuits have held that the right to refuse medical treatment necessarily includes a right to informed consent.  *See Pabon v. Wright*, 459 F.3d 241, 249–50 (2d Cir. 2006); *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *Rainwater v. Alarcon*, 268 F. App'x 531, 534 (9th Cir. 2008). After all, the right to refuse medical treatment is meaningless without sufficient knowledge about the risks associated with the proposed course of treatment.

---

[1] The Court notes that Plaintiff has not alleged he was forced to take Prozac. In fact, according to the Complaint, Plaintiff ultimately ceased taking Prozac on his own. Plaintiff's claim instead seems to rest on whether Bednarz informed Plaintiff that he was being prescribed Prozac and provided Plaintiff with sufficient information regarding its risks prior to prescribing it and whether Plaintiff is able to allege the other elements of an informed consent claim (as defined by other circuits).

In *Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006), the Second Circuit provided the following formulation for alleging a cause of action premised on this right:

> [T]he Fourteenth Amendment's recognized liberty interest in an individual's right to refuse medical treatment carries with it a concomitant right to such information as a reasonable patient would deem necessary to make an informed decision regarding medical treatment. To establish a violation of this right, a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment.

*Pabon*, 459 F.3d at 246.

The Seventh Circuit has commented on this theory of liability on two occasions. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013) ("*Phillips*"); *Cox v. Brubaker*, 558 F. App'x 677, 678–79 (7th Cir. 2014) ("*Cox*"). In *Phillips*, the Seventh Circuit stated, in the context of an Eighth Amendment deliberate indifference claim, that it has "adopted a general rule that is consistent with these circuits." *Phillips*, 522 F. App'x at 367. Subsequently, in *Cox*, the Seventh Circuit applied the elements of a Fourteenth Amendment due process claim for lack of informed consent–as set forth by other circuits–to affirm a district court's grant of summary judgment in favor of medical staff. *Cox*, 558 F. App'x at 679. The Seventh Circuit declined, however, to endorse or decide the scope of such a claim. *Id.* ("the case does not require us to recognize, or decide the scope of, this due-process right").

Here, Plaintiff alleges Bednarz violated his right to refuse medical treatment and/or his right to informed consent by failing to provide him with adequate information regarding Prozac and by prescribing the medication to Plaintiff without his knowledge, when Plaintiff thought he would be receiving another medication. Plaintiff further alleges that he would have refused this medication had he known it was being prescribed to him. Considering the authority described above, the Court finds that Count 1 survives preliminary screening.

## Count 2 – Deliberate Indifference to Medical Needs

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Assuming Plaintiff has alleged an objectively serious medical need given his

severe emotional and physical reaction to the medication he was prescribed, including his developing suicidal thoughts, Plaintiff has failed to implicate Bednarz for deliberate indifference to this need. Plaintiff argues that Bednarz should have prescribed him a different medication after he exhibited negative side effects to the Prozac, but instead increased his dosage of the same medicine. However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Gallo v. Sood*, 651 F. App'x 529, 533 (7th Cir. June 1, 2016) (claim focusing on failure to give prisoner's favored medication over medication prescribed by doctor "amounts to a disagreement over treatment, which is insufficient to show deliberate indifference."). Bednarz initially prescribed Prozac to Plaintiff to address his initial mental health issues.[2] He later sought to give Plaintiff a higher dose of Prozac when the lower dose was ineffective. Despite Plaintiff's belief that this would not work because of his reaction to the medication at a lower dose, Bednarz's actions did not constitute deliberate indifference as mere disagreement over course of treatment is insufficient to state such a claim. *Id.*

For these reasons, Count 2 against Bednarz will be dismissed without prejudice.

## Count 3 – Medical Negligence

---

[2] The fact that Prozac was allegedly not the medication Plaintiff consented to is addressed in Count 1.

Count 3 asserts a state law claim for medical negligence, based on the same conduct detailed above. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over this state-law claim pursuant to 28 U.S.C. § 1367, that is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days

of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 Ill. Comp. Stat. §5/2-622(a) (West 2017).[1]

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without prejudice, however, is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In this case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in Count 3 shall be dismissed. The dismissal shall be without prejudice at this time, however, and Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required

---

[1] The August 25, 2005 amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

affidavits/certificates, the dismissal of Count 3 may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

## **Pending Motions**

Plaintiff has filed a Motion to Appoint Counsel (Doc. 4) which is **REFERRED** to a United States Magistrate for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot. Waivers of service of summons will be issued and served on the defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## **Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **BEDNARZ**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice. If Plaintiff wishes to move the Court to reinstate the medical negligence claim in **COUNT 3** against Defendant **BEDNARZ**, Plaintiff shall file the required affidavit pursuant to 735 Ill. Comp. Stat. §5/2-622, within 35 days of the date of this order. Further, Plaintiff shall timely file the required written report/certificate

of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 3** may become a dismissal with prejudice.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **BEDNARZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.10.24
12:28:40 -05'00'

**United States District Judge**